BYRNES & KELLER LLP
Bradley S. Keller, WSBA #10665
1000 Second Avenue, 38th Fl.
Seattle, WA 98104
(206) 622-2000
Counsel for Plaintiffs

The Honorable Robert H. Whaley

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 0 8 2000

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT E. WHITE, et al.,

    Plaintiffs,

v.

DR. C. ALVIN PAULSEN, et al.,

    Defendants.

DON BYERS, et al.,

    Plaintiffs,

v.

C. ALVIN PAULSEN, M.D., et al.,

    Defendants.

No. CS 97-0239 RHW

MEMORANDUM REGARDING:

(1) STATUS REPORT REGARDING SETTLEMENT ADMINISTRATION;

(2) MOTION TO APPROVE OR REJECT CERTAIN CLAIMS; AND

(3) MOTION FOR FINAL AWARD OF ATTORNEYS' FEES AND COSTS

Hearing Date:

July 26, 2000, at 10:00 a.m.

## I. INTRODUCTION AND RELIEF REQUESTED

The steps necessary to implement the settlement have been undertaken. Significant preliminary distributions have been made to all class members whose claims were approved. The settlement administration process is now ready to be concluded so that final distributions can be made. As part of that process, however, the Court needs to first decide whether certain claims submitted should be approved or

PLAINTIFFS' MEMORANDUM - 1

ORIGINAL

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

rejected. An award of attorneys' fees and costs incurred in connection with the settlement administration process also needs to be made. The purpose of this motion, therefore, is to (i) provide a status report regarding the implementation of the settlement, (ii) have the Court approve or reject certain claims, and (iii) make a final award of attorneys' fees and costs.

## II. BACKGROUND

### A. The Order Approving the Settlement.

In its Order Approving Settlement and Awarding Attorneys' Fees and Costs, dated March 23, 2000 ("Approval Order"), the Court (i) certified the settlement class, (ii) approved the $2.4 million settlement, (iii) approved an award of fees and costs, and (iv) approved a set-aside of $50,000 for future settlement implementation-related legal fees and costs with the residual, if any, to be distributed pro rata to radiated class members. Based upon the information then available, the Approval Order reflects that, after deduction of fees and costs, the then-projection was that each radiated class member would receive approximately $30,000 as a "base" amount; the 15 named plaintiffs would each receive an additional $5,000; and the four original plaintiffs an additional $5,000. Children were to each receive $1,000.

### B. The Proof of Claim Submission and Verification Process.

The Approval Order was sent to all potential class members known to class counsel. Three versions of Proof of Claim forms ("Form(s)") were prepared. One was for persons claiming to be radiated class members; another for Estates of such persons; and a third for people claiming to be children of radiated class members.[1] The Forms required each putative class member to provide sufficient proof that they were, in fact, a class member. Persons claiming to have been radiated were asked to provide as much detail as they could recall concerning other experiment subjects, the location of

---

[1] Copies of the Forms utilized are attached collectively as Exhibit 1.

PLAINTIFFS' MEMORANDUM - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

the experiments, the persons involved, whether they underwent a vasectomy, their identifying number, period of incarceration, and similar information. Estates were required to have a duly-appointed personal representative sign the Form and attach a copy of an appropriate court order appointing the personal representative. Natural children were required to submit birth certificates. Adopted children were required to submit proof of adoption.

A significant amount of time was spent communicating with potential claimants (both telephonically and in writing) regarding completion of the Forms, supplying additional information, assisting with the retention of independent Estate counsel, communicating with Estate counsel, and similar tasks.

Any person who was sent a Form but did not submit a completed one within the required 30 days was contacted to be sure that they had, in fact, received the Form. Anyone who requested additional time beyond the 30 days to either submit the completed Form or provide additional information was granted additional time.

The persons claiming to be radiated class members were cross-checked against two sources of documentary records. The Washington Attorney General's Office had previously produced in discovery a list of the 64 persons radiated (the "AG List"). Dr. Paulsen also had records detailing the identity of those persons participating in the radiation experiments, as well as persons participating in other experiments Dr. Paulsen was conducting that did not involve radiation (the "Paulsen List"). Both the AG List and the Paulsen List identified the radiated subjects by name and social security number. Class counsel did not have the Paulsen List because it had the identity of many non-class members (i.e., persons who participate in other Paulsen experiments and a "control subject"), and details about their medical situation. Dr. Paulsen's counsel was understandably concerned about physician-patient privilege issues. Dr. Paulsen's counsel did, however, specifically check the Paulsen List in each

PLAINTIFFS' MEMORANDUM - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

instance requested. Class counsel was advised whether the individual inquired about was or was not shown on the Paulsen List as having been radiated. Thus, each person claiming to be a radiated class member was cross-referenced to, first, the AG List, and second, if they were not on that list, the Paulsen List.

C.   The Results of the Proof of Claim Process and the Initial Distribution.

All claims submitted by persons claiming to have been radiated who (i) submitted fully-completed Forms and (ii) were on the AG List or the Paulsen List as a radiated subject were approved. Claims submitted by children of such persons also were approved. The results were as follows:

| Radiated Claimants | | Children Claimants | |
|---|---|---|---|
| Total claims received: | 31 | Total claims submitted: | 14 |
| Claims approved to date: | 25 | Claims approved to date: | $9^2$ |
| Claims not approved: | 6 | Claims not approved: | 5 |

On May 5, 2000, a preliminary distribution was made to all class members whose claims had been approved.[3] Approved radiated class members received a "base" payment of $30,354.84, plus $5,000 if they were a named plaintiff, and an additional $5,000 for each of the original four plaintiffs. Approved children claimants each received $1,000. Over the next several weeks, several additional claims were approved and distributions made as claimants provided additional documentation

---

[2]Of these nine children claims, eight have actually been paid to date. The ninth is awaiting a copy of a birth certificate. All numbers and calculations assume that the ninth claim will be perfected and paid by the time of the hearing.

[3]Copies of the communications sent to approved claimants are attached as Exhibit 2.

PLAINTIFFS' MEMORANDUM - 4

required to perfect their claims. As a result, to date $862,871 has been distributed to approved class members ($853,871 to radiated claimants; $9,000 to children).

Those persons whose claims were not approved ("Unapproved Claimants") were notified of such, and the reason why.[4] Unapproved Claimants were told that the Court would make the final determination regarding approval or rejection of their claims and that they would have an opportunity to participate in that process. All Unapproved Claimants also have been notified of this hearing, provided with information regarding how to participate telephonically or in writing, if they wish, and they have been served by mail with this and the related pleadings.[5] Six weeks' prior written notice was given to all Unapproved Claimants.

### III. THE CLAIMS SUBMITTED WHICH THE COURT NOW NEEDS TO EITHER APPROVE OR REJECT

The Court needs to decide whether the following claims should be approved or rejected.

#### A. Unapproved Alleged Radiated Class Members.

1. <u>Nelson A. Anselment</u>. Mr. Anselment submitted a timely and completed Form.[6] Mr. Anselment was not, however, on either the AG List or the Paulsen List. His claim was not approved primarily for that reason. In addition, Mr. Anselment indicated that he had not undergone a vasectomy. All but a few experiment subjects who were radiated underwent vasectomies. Due to his not being on either list and not having undergone a vasectomy, class counsel believes it likely that Mr. Anselment does not qualify as a radiated class member.

---

[4] Copies of the communications sent to the Unapproved Claimants are attached as Exhibit 3.

[5] A copy of the cover-letter notification sent to Unapproved Claimants accompanying these pleadings is attached as Exhibit 4.

[6] The Form submitted by Mr. Anselment is attached.

PLAINTIFFS' MEMORANDUM - 5

2. <u>Warren Halverson</u>. Mr. Halverson submitted a timely and completed Form.[7] However, he also was not on either the AG List or the Paulsen List. Mr. Halverson also indicated in his Form that he had received his radiation in "pill" form. This is inconsistent with how the experiments were conducted. The radiation treatments were administered via an x-ray machine. On the other hand, there are records that show that, as early as the mid-1980s, Mr. Halverson believed he had been radiated, and he had retained counsel to pursue a claim. These same records disclose, though, that even back then, Dr. Paulsen advised Mr. Halverson's then counsel that he had not been radiated.[8] On balance, class counsel believes it likely that Mr. Halverson does not qualify as a radiated class member.

3. <u>Lloyd R. Moore, Sr.</u> Mr. Moore submitted a timely and completed Form.[9] However, he, too, is not on either the AG List or the Paulsen List. His Form also indicates that he did not undergo a vasectomy. As previously indicated, virtually all radiated experiment subjects underwent vasectomies. Class counsel believes it likely that Mr. Moore does not qualify as a radiated class member.

4. <u>Leslie B. Riggins</u>. Mr. Riggins submitted a timely and completed Form.[10] Mr. Riggins claims to have undergone surgery for cancer in the groin area and that afterwards he received "cobalt radiation" treatment. Mr. Riggins' complaint appears to be that he was subsequently advised by a physician that he did not have cancer such that both the surgery and any cobalt radiation treatments were not

---

[7] The Form submitted by Mr. Halverson is attached.

[8] Copies of the mid-1980's correspondence involving Mr. Halverson are attached behind his Form.

[9] The Form submitted by Mr. Moore is attached.

[10] The Form submitted by Mr. Riggins is attached.

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

necessary. Mr. Riggins is not on either the AG List or the Paulsen List. Class counsel does not believe that Mr. Riggins qualifies as a class member.

      5.    <u>Martin Nelson Smith</u>. Mr. Smith submitted a timely and completed Form.[11] Mr. Smith is not on either the AG List or the Paulsen List. Mr. Smith also reports that he did not undergo a vasectomy. Class counsel believes it likely that Mr. Smith probably does not qualify as a class member.

      6.    <u>George D. Taté</u>. Mr. Taté submitted a timely and completed Form.[12] Mr. Taté was not on the AG List, nor is he on the Paulsen List. In addition, Mr. Taté did not undergo a vasectomy. Mr. Taté claims to have been scheduled for a vasectomy but that the program allegedly ended before his scheduled vasectomy, and for that reason he did not undergo a vasectomy. That information is inconsistent with confirmed radiated subjects who did undergo vasectomies after the radiation experiment program had ended. Mr. Taté's wife, nonetheless, indicated that both she and he still feel very strongly that Mr. Taté is a radiated class member. Because of this, class counsel traveled to the penitentiary at McNeil Island and personally interviewed Mr. Taté. The summary of that interview is attached with Mr. Taté's Form. The interview did not reveal any new decisive information one way or the other. Mr. Taté's medical records are silent regarding whether he underwent radiation. The records do mention that certain biopsies were performed. Class counsel believes that Mr. Taté has not met the requirements necessary to establish class membership.[13]

---

[11] The Form submitted by Mr. Smith is attached.

[12] The Form submitted by Mr. Taté is attached.

[13] There was one "control person" who was not radiated but probably, in all respects, was led to believe they were radiated. It is possible that Mr. Taté was that person, but class counsel have no

PLAINTIFFS' MEMORANDUM - 7

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000


B. <u>Unapproved Alleged Children of Radiated Class Members.</u>

All persons claiming to be radiated class members were asked in the Form to identify any children they had. Forms were then sent to all children identified. Five people submitted children claims who are children of individuals whose claims as radiated class members were not approved. Only children of radiated class members are eligible to receive a distribution. Class counsel believes that the following claims, all of which were submitted by children of Unapproved Claimants, should not be approved:

1. <u>Claims by Children of Martin Smith.</u>
   a. David P. Smith
2. <u>Claims by Children of Lloyd Moore, Sr.</u>
   a. Lucille A. Moore
   b. Lloyd R. Moore, Jr.
   c. Kenya L. Moore
   d. Clayton N. Moore

IV. **REQUEST FOR FINAL AWARD OF ATTORNEYS' FEES AND COSTS**

The Approval Order provided for a set-aside of $50,000 to cover legal fees and costs arising from settlement implementation and administration. Although the effort required to implement the settlement has been extensive, nowhere near $50,000 has been expended. Instead, based upon the time spent and actual costs incurred, class counsel is requesting a further award of $21,833 for fees and reimbursement of $2,416.70 for costs and expenses. This amount consists of the actual value of the time

---

way of knowing. In any event, a "control person" who was not radiated is not an eligible class member.

PLAINTIFFS' MEMORANDUM - 8

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

spent through May 31, 2000, the costs incurred through that same date, plus $5,000 to cover fees and costs since then for the finalization of these papers, preparation for and attendance at the hearing on these motions, to implement the final distribution to class members, issue Form 1099s at year-end, and for what undoubtedly will be many further follow-up communications with class members. Supporting detail and documentation for the fee and cost award is set forth in the Affidavit of Bradley S. Keller Regarding Request for Final Award of Fees and Costs being submitted concurrently.

## V. PROJECTED FINAL DISTRIBUTION TO RADIATED CLASS MEMBERS

During the administration of the settlement, approximately $81,000 in interest was earned on the funds. If no further claims are approved, and if the fees and costs requested are awarded, there will be an additional approximately $294,179 available to be distributed among the 25 approved radiated class members. This would result in a further final distribution of approximately $11,767 to each approved radiated class member. In that event, the total net amounts actually distributed to radiated class members will be:

| | |
|---|---|
| Preliminary base distribution | $30,354.84 |
| Approximate final distribution | $11,767.00 |
| **SUBTOTAL** | $42,121.84 |
| | +$5,000.00 (for named plaintiffs) |
| | +$5,000.00 (for original four plaintiffs) |

## VI. SUMMARY

Based upon the information provided in this report, class counsel requests that the Court (i) approve or reject certain claims, and (ii) make a final award of attorneys' fees and costs.

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

DATED this 6th day of June, 2000.

        BERGER AND MONTAGUE, P.C.
        Daniel Berger
        Stanley B. Siegel
        1622 Locust Street
        Philadelphia, PA  19103-6365

        BYRNES & KELLER LLP
        Bradley S. Keller, WSBA #10665
        1000 Second Avenue
        38th Floor
        Seattle, WA  98104
        (206) 622-2000

        By /s/ Bradley S. Keller
        Bradley S. Keller, WSBA #10665
        Attorneys for Plaintiffs

PLAINTIFFS' MEMORANDUM - 10

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

ATTACHMENTS NOT SCANNED